UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOULDER CREEK LIMITED PARTNERSHIP, | CASE NO. 5:17CV889 |
| Plaintiffs, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| **v.** | |
| CITY OF STREETSBORO, OHIO, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

The instant matter is before the Court on a motion for summary judgment filed by Defendant City of Streetsboro, Ohio ("Defendant"). ECF Dkt. #15. For the following reasons, the Court GRANTS Defendant's motion (ECF Dkt. #15) and DISMISSES the complaint of Boulder Creek Limited Partnership ("Plaintiff") in its entirety WITH PREJUDICE:

## I. PROCEDURAL HISTORY

Both parties agree that in 2002, Plaintiff filed a complaint against Defendant claiming that the R-R zoning classification of Plaintiff's land was unconstitutional. ECF Dkt. #15 at 3; ECF Dkt. #16 at 1. They both agree that the case was removed to this Court and became Case Number 5:03CV106. *Id*. The parties also agree that in that case, Plaintiff's six-count complaint included four counts that requested declaratory judgments that the zoning by Defendant of Plaintiff's property was unconstitutional under both state and federal law. ECF Dkt. #15 at 3; ECF Dkt. #16 at 1.

In November of 2003, the parties entered into a joint stipulated order in the 2002 case. ECF Dkt. #15 at 3; ECF Dkt. #16 at 1. The joint stipulated order that the Court approved on February 4, 2004 set forth the following:

> 1. Plaintiff is seeking to develop approximately 88 acres in Streetsboro which has certain challenging topographical and geographic features and has available sewer and water service;
>
> 2. The current R-R zoning for the approximately 88 acres Plaintiff is seeking to develop does not allow for the economically viable development of that property;
>
> 3. Accordingly, the present R-R zoning is not constitutional;

> 4. This cause is remanded to the City of Streetsboro to enact constitutionally permissive zoning within sixty (60) days of this order;
>
> 5. Based on the fact that the parties have stipulated that the zoning at issue is not constitutional, and that the City of Streetsboro will enact new zoning within sixty days, the parties agree and stipulated that there is no need for the December 1, 2003 trial to go forward;
>
> 6. The trial on any remaining issues in this matter should therefore be held in abeyance for 60 days with the matter referred to the City of Streetsboro for the purpose of enacting new zoning which shall allow Plaintiff to develop his property in an economically viable manner; and
>
> 7. Lastly, the parties stipulate that should the City of Streetsboro fail to pass constitutionally permissive zoning within sixty days of this Order, that the Court has retained jurisdiction to require the City of Streetsboro to rezone Plaintiff's property in a constitutionally permissive manner.

ECF Dkt. #27 in Case No. 5:03CV106.

On February 9, 2004, Defendant filed a notice indicating that it had adopted Ordinance No. 2004-14 which re-zoned the subject property of the case "from R-R Rural Residential to a mix of R-1A, Light Density Residential with permitted 'Creative Land Use' and R-2, Medium Density Residential with available 'Open Space Development.'" ECF Dkt. #30 at 1 in Case No. 5:03CV106. Defendant further indicated in the notice that it was modifying the terms of its "Open Space Development" regulation and would do so by February 11, 2004. *Id.*

On February 10, 2004, Plaintiff filed a notice to the Court indicating that Defendant had failed to comply with Paragraph 7 of the Joint Stipulated Order and Ordinance No. 2004-14 was unlawfully enacted and failed to substantially advance legitimate governmental interests or to provide Plaintiff with an economically viable use of its land. ECF Dkt. #32 in Case No. 5:03CV106. Plaintiff requested a telephonic status conference with the Court. *Id.*

After a status conference on the matter, the Court issued an Order on February 17, 2004 indicating that Plaintiff could take one of two actions by February 27, 2004. ECF Dkt. #35 in Case No 5:03CV106. The Court ordered that Plaintiff could either file a motion requesting that the Court set aside the settlement and continue to trial, or brief the Court as to why the new ordinance passed by Defendant was not "constitutionally permissive." *Id*.

On February 27, 2004, Plaintiff filed a brief asserting that Defendant had failed to enact a "constitutionally permissive" Ordinance and moved the Court for an order determining that its

proposed R-PUD was reasonable and enjoining Defendant from interfering with its proposed R-PUD zoning. ECF Dkt. #36 in Case No. 5:03CV106. Defendant filed a motion to amend the Order approving the joint stipulated order deadline for rezoning the property. ECF Dkt. #37 in Case No. 5:03CV106. Plaintiff filed a brief in opposition to the motion to amend. ECF Dkt. #39 in Case No. 5:03CV106. Defendant also filed a brief in opposition to Plaintiff's motion for authorization for it to proceed with its proposed R-PUD Zoning and to enjoin Defendant from interfering. ECF Dkt. #38 in Case No. 5:03CV106. Plaintiff filed a reply brief to Defendant's opposition to its motion for an order to authorize it to proceed with its proposed R-PUD and enjoinment of interference from Defendant. ECF Dkt. #40 in Case No. 5:03CV106.

On March 22, 2004, the Court denied Defendant's motion to amend the stipulated deadline. ECF Dkt. #41 in Case No. 5:03CV106. On March 23, 2004, the Court issued an Order reviewing the history of the litigation and indicating that the tract of land that was the subject of the litigation remained zoned in an unconstitutional manner as Defendant conceded in an ordinance that its city council adopted on July 31, 2003 due to the pending litigation. ECF Dkt. #42 in Case No. 5:03CV106. The Court reasoned that because Defendant had failed to act in accord with the settlement agreement, it was the Court's duty, consistent with the settlement agreement, to determine what constituted "constitutionally permissive zoning" of Plaintiff's property. *Id.* at 2. The Court pointed out that Defendant had requested that the Court remand the case to allow the City to re-zone the property in a "constitutionally permissive manner." *Id.* The Court rejected Defendant's request, finding that Defendant had the opportunity to re-zone as per the settlement agreement and failed to do so as required in the agreement. *Id.* The Court concluded that it should conduct an evidentiary hearing on the issue of what constitutes a "constitutionally permissive" zoning of Plaintiff's property and scheduled the case for an evidentiary hearing in order to make that determination. *Id*.

On April 7, 2004, the parties submitted a joint proposed stipulation regarding a final judgment to the Court. ECF Dkt. #45 in Case No. 5:03CV106. On April 12, 2004, the Court approved and signed the Agreed Judgment Entry, which provided in part the following:

> 1. Plaintiff can develop its 88.8 acre site, Portage County Permanent Parcel Numbers 35-027-00-00-001 and 35-027-00-00-012, exclusive of the existing driving range to be divided by lot split, which 88.8 acre site is also described

>       as "Exhibit A", attached both hereto and to the Complaint, at a density of three (3) residential dwelling units per acre or fraction thereof.
>
> 2. Best efforts shall be utilized to preserve natural features of the 88.8 ace site.
>
> 3. A minimum of twenty-five percent (25%) of the residential units shall be single-family detached dwellings.
>
> \* \* \*
>
> 7. Plaintiff agrees to deed restrict its Boulder Creek Golf Course, known as Portage County Permanent Parcel Numbers..., for golf course and related uses only... Further, Plaintiff and/or any successor(s) in interest, after twenty (20) years, may petition the City of Streetsboro to terminate the golf course use deed restrictions. The City shall only be required to relieve the golf course of the deed restrictions in the event the golf course is not longer economically viable, which consent shall not be unreasonably withheld. In the event the Boulder Creek Golf Course property tax valuation (not millage), should be increased to an amount which, together with market forces, render the golf course no longer economically viable, then owner can request the City agree to remove the deed restrictions prior to the expiration of the 20-year time period...
>
> \* \* \*
>
> 11. The parties agree that the zoning development of Plaintiff's 88.8 acre site, upon taking the golf course's 225 acres into account as open, deed restricted space, is in accordance with the overall allowable density requirements of the Zoning Code for the land area making up the 88.8 acre site, and is a fair and equitable resolution of Plaintiff's Complaint.
>
> \* \* \*
>
> 13. This Agreed Judgment Entry shall resolve all of Plaintiff's claims, including, but not limited to, any claim for taking damages and/or attorney fees, and shall substitute for the relief Plaintiff seeks in its Complaint for Declaratory Judgment, and this Court hereby declares, upon consent of the parties hereto, that Plaintiff's 88.8 acre parcel depicted on "Exhibit A", attached hereto, shall be developed in accordance with this Agreed Judgment Entry, with Defendant City of Streetsboro to pay the costs of this action.

ECF Dkt. #46 at 1-5 in Case No. 5:03CV106.

On December 29, 2016, Plaintiff filed a motion to enforce the Agreed Judgment Entry. ECF Dkt. #47 in Case No. 5:03CV106. Plaintiff asserted that in the Entry, the parties agreed that the 325 acres of land that Plaintiff owned (225 acres of golf course and 100 acres of undeveloped land) that was zoned R-R was unreasonable and Plaintiff could residentially develop 88.8 acres of land per its plan. *Id.* Plaintiff indicated that the Agreed Judgment Entry left open the golf course open space subject to deed restrictions. *Id.* Plaintiff explained that it wanted to develop the remaining acreage

to construct a senior-housing community on the site. *Id.* at 1-2. Plaintiff indicated that it approached Defendant with its plan and at first, the Mayor embraced the plan, but then shortly thereafter stated that the R-R zoning would apply to the remaining acreage. *Id*. at 2. Plaintiff submitted that it could not develop a senior-housing community under the R-R zoning and such zoning was more unreasonable than it was in 2004. *Id.* Plaintiff requested that the Court order Defendant to comply with the Agreed Judgment Entry and allow it to develop the remaining acreage per the stipulated zoning and recognize that the R-R zoning applied to the golf course had been determined to be unreasonable already and thus is also subject to the new zoning. *Id.*

Defendant filed a brief in opposition to Plaintiff's motion to enforce. ECF Dkt. #49 in Case Number 5:03CV106.

On February 17, 2017, after a telephone conference with the Court, the Court denied Plaintiff's motion to enforce judgment. ECF Dkt. #52 in Case No. 5:03CV106. The Court noted that Plaintiff's motion sought to develop the driving range by moving to enforce the original judgment. *Id*. at 1. The Court framed Plaintiff's argument as asserting that because the zoning was unreasonable at the time of the initial agreement, it continued to be unreasonable. *Id*. The Court issued an Order finding that neither the Court nor the parties in the Agreed Judgment Entry found the zoning unreasonable. *Id*. The Court held that Plaintiff's argument was based upon a "flawed premise that the Court found, or the parties, agreed, that the zoning was unreasonable. This issue has not been adjudicated, and the parties' settlement agreement does not speak to such zoning. Accordingly, there is no relevant judgment for the Court to enforce." *Id*. The Court also ruled that it could not stretch the Agreed Judgment Entry to order re-zoning of the driving range because the agreement expressly exempted the driving range and Court was required to interpret the agreement within its four corners as written. *Id.* at 2.

On March 17, 2017, Plaintiff filed a complaint in the Portage County Court of Common Pleas, Ohio seeking a declaratory judgment that the R-R zoning as applied to its land is invalid, arbitrary, unreasonable and unconstitutional. ECF Dkt. #1-1 at 6-7. Plaintiff also sought an injunction enjoining Defendant from taking any action to enforce its current zoning on Plaintiff's land, requesting that the Court order Defendant to pay Plaintiff just compensation for the taking of

its land, and requesting that the Court order Defendant to re-zone Plaintiff's land within 60 days to an appropriate and constitutionally permissible zoning classification. *Id.*

In its complaint, Plaintiff reiterates that it owns 237 acres of land in Streetsboro, Ohio, of which 225 acres is a golf course and the balance of the acreage is a golf driving range. ECF Dkt. #1-1 at 1 in instant case. It avers that its land is within the R-R Rural Residential District under Defendant's zoning regulations, which allows 1 dwelling per unit per 1.5 acres with sanitary sewer, municipal water, dedicated streets, and sidewalks. *Id.* It further avers that the R-R zoning is unreasonable because the residential density deprives it of all economically viable use of the land without advancing any legitimate government interest, and would leave most of the land undeveloped and unproductive. *Id.* Plaintiff alleges that the R-R zoning is arbitrary and not reasonably related to public health, safety, morals, or the general welfare of the City, and it violates the United States and Ohio Constitutions, as well as Ohio zoning statutes. *Id.* Plaintiff also alleges that it is a taking of the land and the R-R zoning is unconstitutional as applied to Plaintiff's land. *Id.* at 2.

Plaintiff alleges that Defendant was aware that the R-R zoning was unconstitutional and since 2002, no land has been developed in Streetsboro under the R-R zoning because all new residential development has been built to higher density than allowed under the R-R zoning. *Id.* Plaintiff avers that Defendant had been sued by other property owners and has settled those lawsuits but continues to refuse to change the R-R zoning. ECF Dkt. #1-1 at 2.

In Count One of its complaint, Plaintiff seeks a declaratory judgment in the form of a judicial admission. ECF Dkt. #1-1 at 2. Plaintiff alleges that in 2002, it owned 325 acres of land and wanted to develop 88 acres of that land that was zoned R-R Rural Residential. *Id.* Plaintiff averred that after unsuccessfully trying to re-zone its land, it filed a complaint in December of 2002 against Defendant challenging the constitutionality of the R-R zoning as applied to the land. *Id.* Plaintiff indicated that Defendant removed the case to federal court and Defendant then adopted Ordinance 2003-114 in settlement of the lawsuit which recognized that the R-R zoning applied to Plaintiff's land may be unreasonable and the Court gave Defendant 60 days within which to re-zone the land in a constitutional way, but Defendant failed to so do. *Id.* at 3.

Plaintiff continues in its complaint that it only wanted to develop 88 acres of its land and the parties agreed that Plaintiff could develop the 88 acres at a 3 dwelling units per acre with the golf course considered open space with conditional deed restrictions and an agreement the neither the golf course nor the driving range would be developed. ECF Dkt. #1-1 at 3. Plaintiff notes that the stipulated zoning was set forth in a judgment and Plaintiff attached the judgment to the complaint. *Id.* Plaintiff further alleged that it has developed the land as per the agreement. *Id.*

Plaintiff noted that it had recently moved the Court to enforce the Agreed Judgment Entry by recognizing that the R-R zoning as applied to the golf course and driving range were unreasonable, but the Court denied the motion because the Agreed Judgment Entry did not state that the R-R zoning was unreasonable. ECF Dkt. #1-1 at 3. Plaintiff explains that the motion was triggered by events that began in 2015 when, after several years of losing money on the golf course and driving range, Plaintiff approached Defendant with a plan to build a senior-housing community on the driving range and Plaintiff wanted the deed restrictions lifted on the golf course as well in *c*ase it wanted to close the golf course and develop the land. *Id*. They further allege that Defendant was receptive to the senior housing plan and agreed to release the deed restrictions, but then thereafter, told Plaintiff that any development of the driving range or the golf course is subject to the R-R zoning. *Id.* at 4.

Plaintiff alleges that the R-R zoning should be found to be unreasonable and unconstitutional because Defendant recognized in 2003 that the R-R zoning for Plaintiff's land may be unreasonable and stipulated that the R-R zoning for the 88 acres does not allow for economically viable development. ECF Dkt. #1-1 at 4. Plaintiff avers that Defendant has stated that the R-R zoning applies to the land and if Plaintiff does not agree, it must apply to re-zone the land again. *Id.* Plaintiff also alleges that since 2003, Defendant has settled several lawsuits in this Court which have challenged the constitutionality of the R-R zoning. *Id.* Plaintiff avers that an actual and justiciable controversy exists and Court action is required to resolve the controversy. *Id*.

In the second count of the complaint, Plaintiff requests a declaratory judgment that Defendant's R-R zoning of Plaintiff's land is arbitrary and unreasonable and is unconstitutional under the Ohio Constitution. ECF Dkt. #1-1 at 5.

In its third count, Plaintiff requests a declaratory judgment that the R-R zoning as applied to its land is unconstitutional, invalid, and unenforceable because it permits uses that are highly improbable or practically impossible, which constitutes a taking and is violative of the United States Constitution. ECF Dkt. #1-1 at 6.

On April 26, 2017, Defendant removed Plaintiff's complaint to this Court and answered the complaint on May 2, 2017. ECF Dkt. #s 1, 4. The parties consented to the jurisdiction of the undersigned on June 13, 2017. ECF Dkt. #9.

On July 17, 2017, Defendant filed the instant motion for summary judgment. ECF Dkt. #15. On August 10, 2017, Plaintiff filed a brief in opposition to the motion for summary judgment. ECF Dkt. #16. On August 28, 2017, Defendant filed a reply brief. ECF Dkt. #17.

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Fed. R. Civ. P. 56, Advisory Committee Notes ("The standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c)(1) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, although the Court may consider other materials in the record. Fed.

R. Civ. P. 56(c)(3).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita*, 475 U.S. at 587. If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed.R.Civ.P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court may grant summary judgment "only if the motion and supporting materials – including the facts considered undisputed under subdivision (e)(2)– show that the movant is entitled to it." Fed. R. Civ. P. 56(e), Advisory Committee Note, 2010 Amendment.

### III. LAW AND ANALYSIS

In moving for summary judgment, Defendant asserts that res judicata bars the claims raised by Plaintiff because the Agreed Judgment Entry approved by the Court in 2004 terminated the prior federal case, the same parties in that lawsuit are the parties involved in the instant lawsuit, and Plaintiff brings the same claims in the instant case that were brought in the prior lawsuit. ECF Dkt. #15 at 13-16. Defendant also contends that collateral estoppel bars Plaintiff from raising the same issues and the same relief that it sought when it filed the prior federal lawsuit. *Id.*

This Court applies federal common law in determining the preclusive effect of a prior federal court judgment. *See Amos v. PPG Industs. Inc.*, 699 F.3d 448, 451 (6th Cir. 2012), quoting *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). The doctrines of res judicata and collateral estoppel are distinct. The Sixth Circuit explained the difference *in Gargallo v. Merrill Lynch, Pierce, Fenner & Smith,, Inc.*, 918 F.2d 658, 660, 661 (6th Cir.1990):

> Res judicata and collateral estoppel are not the same. Res judicata, or claim preclusion as it is more helpfully termed, is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. *See generally* J. Friedenthal, M. Kane & A. Miller, Civil Procedure at 607-09 (1985). It precludes not only relitigating a claim or cause of action previously[ ] adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated. This last variation was formerly known as the rule against splitting a

> cause of action. *Id.* at 607.
>
> Collateral estoppel, or issue preclusion as it is better termed, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.

*Id.*

Under federal common law, res judicata has the following four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015), quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir.2006) (internal quotation marks and alteration omitted). In asserting res judicata, Defendant elaborates that the consent judgment in the prior case was freely negotiated by the parties that are the same parties in this case and was approved by the Court and has the effect of a final judgment for res judicata purposes. ECF Dkt. #15 at 13, citing *Old Blast, Inc. v. Operating Engineers Local 324 Pension Fund*, 663 Fed.Appx 454 (6th Cir., 2016), citing *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002); and *City of Columbus v. Alden Stilson & Associates*, 90 Ohio App. 3d 608, 615 (1993), citing *Horne v. Woolever,* 170 Ohio St. 178 (1959). Defendant also points out that Counts 2 and 3 of the instant complaint in this case make the same claims regarding unconstitutional zoning that were made in Counts 1 and 4 of the original complaint in the previous case. ECF Dkt. #15 at 14. Defendant also notes that the Agreed Judgment Entry in the previous case specifically stated that it resolved all of the claims in Plaintiff's complaint and substituted for the relief that Plaintiff sought in the declaratory judgment action in that case. *Id.*

In opposing the motion for summary judgment on the basis of res judicata, Plaintiff notes that the parties differ as to the Agreed Judgment Entry language, with Defendant reading it to mean that the R-R zoning applies to the golf course and driving range and Plaintiff reading it to mean that if the deed restrictions are relieved, the R-R zoning does not provide it with an economically viable use and the golf course and driving range must be re-zoned. ECF Dkt. #16 at 4. Plaintiffs asserts that the Agreed Judgment Entry language is thus ambiguous as to the zoning that applies to the golf course and driving range and therefore extrinsic evidence is necessary to determine the parties'

intent and summary judgment is not appropriate. *Id*. at 5. Plaintiff contends that after Defendant recognized that the R-R zoning as applied to Plaintiff's land may be unreasonable and it directed its planning commission to recommend a reasonable zoning of the land and surrounding area to Council, the parties "then stipulated that the R-R zoning is unconstitutional and trial on any remaining issues should be delayed to give the City time to re-zone the land in a 'constitutionally permissive manner.'" *Id*., quoting Agreed Judgment Entry. Plaintiff points out that the Agreed Judgment Entry did not state what zoning would apply to the golf course and the driving range if the deed restrictions were removed and it also left unresolved the issue of "'constitutionally permissive' zoning for the golf course and driving range, which issue would need to be addressed if and when the golf course became no longer economically viable," which is what Plaintiff is claiming in the instant case. *Id*. at 5-6. Plaintiff cites *Leatherworks Partnership v. Berk Realty*, 247 Fed. App'x 676, 680 (6th Cir. 2007) for the proposition that claims not litigated in the prior case cannot be precluded in a subsequent case. ECF Dkt. #16 at 6.

Defendant replies that while the Agreed Judgment Entry did not re-zone Plaintiff's property, it did resolve Plaintiff's claims concerning the zoning of the property as it stated that it resolved all of Plaintiff's claims that were sought in the declaratory judgment. ECF Dkt. #17 at 1-2. Defendant points out that Plaintiff sought in the declaratory judgment a declaration that Defendant's R-R zoning was unconstitutional as applied to all of the 330-acre property that was the subject of that case. *Id.* at 2. Defendant notes that no such declaration appeared in the Agreed Judgment Entry and Judge Pearson stated in her Order in the prior case when denying a motion to enforce the judgment that the property had not been re-zoned in the Agreed Judgment Entry. ECF Dkt. #17 at 2, citing ECF Dkt. #52 in Case Number 5:03CV106. Defendant also counters that Plaintiff's ambiguity of the Agreed Judgment Entry claim is subject to res judicata as well since Judge Pearson decided that claim in her February 17, 2017 Order denying Plaintiff's motion to enforce the Agreed Judgment Entry and Plaintiff never appealed from that determination. ECF Dkt. #17 at 4-5.

The Court GRANTS Defendant's motion for summary judgment on the basis of res judicata. ECF Dkt. #15. The first two elements of res judicata are met as the parties that are the parties in the instant case entered into an Agreed Judgment Entry in the prior case that was approved by the Court.

-11-

ECF Dkt. #46 in Case Number 5:03CV106. The Sixth Circuit has held that "[a] consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of final judgment for purposes of [res judicata]." *Old Blast, Inc. v. Operating Engineers Local 24 Pension Fund*, 663 Fed. App'x 454, 457 (6th Cir. 2016), quoting *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002). Moreover, as Defendant points out, the United States Supreme Court has held the following with regard to consent decrees:

> Consent degrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties give up something they might have won had they proceeded with the litigation. Thus the decree itself cannot be said to have a purpose; rather the parties have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve. For these reasons, the scope of a consent decree must be discerned within its four corners, and not be reference to what might satisfy the purposes of one of the parties to it. Because the defendant has, by the decree, waived his right to litigate the issues raised, a right guaranteed to him by the Due Process Clause, the conditions upon which he has given that waiver must be respected, and the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.

ECF Dkt. #17 at 2-3, quoting *U.S. v. Armour & Co.*, 402 U.S. 673, 681-682 (1971).

Plaintiff correctly asserts that Defendant in the prior case passed Ordinance 2003-114 in settlement of the lawsuit which recognized that the R-R zoning applied to Plaintiff's land may be unreasonable. ECF Dkt. #39-1 in Case Number 5:03CV106. Further, Defendant failed to comply with the prior Court Order giving it 60 days within which to re-zone the land in a constitutional way and the prior Court scheduled an evidentiary hearing to determine what constituted a "constitutionally permissive" zoning of Plaintiff's property. ECF Dkt. #42 in Case Number 5:03CV103. Plaintiff seeks to use these proceedings in its first count of the complaint in the instant case to pursue a Declaratory Judgment for a judicial admission of unconstitutionality. ECF Dkt. #1-1 at 2-4 in instant case.

However, the Ordinance, stipulations and proceedings that occurred prior to the Agreed Judgment Entry were superceded by the Agreed Judgment Entry that was agreed to, approved, and signed by the parties, and approved by the Court and put into a Judgment. In the Agreed Judgment

Entry, Plaintiff and Defendant agreed that its terms resolved all of Plaintiff's claims, which included its requests for declaratory judgments as to the constitutionality of the zoning of the "Property," which was defined in that complaint as approximately three hundred twenty-five (325) acres, of which 225 acres were developed into a public golf course facility.  ECF Dkt. # 1 at 2-7 and ECF Dkt. #46 at 4-5,  in Case Number 5:03CV103.  While the Agreed Judgment Entry did not change the
underlying zoning of the property, as found by Judge Pearson, the parties agreed in settling the prior case not to include a modification of the zoning in the Agreed Judgment Entry.  As  Defendant asserts, "[a] judgment that does *not* change the zoning is just as much of a resolution of the case as a judgment that *does* change the zoning.  It is still a final judgment."  ECF Dkt. #17 at 4 in instant case.  The Court agrees.

The Agreed Judgment Entry provided that it resolved "all of Plaintiff's claims," in that case and "substitute[d] for the relief Plaintiff seeks in its Complaint for Declaratory Judgment."  ECF Dkt.
#46 at 4 in Case Number 5:03CV106.  This Agreed Judgment Entry, along with the 2002 complaint and the complaint in the instant case, also satisfy the third and fourth elements of res judicata.

As to the third element of res judicata, Plaintiff's complaint in this case seeks declaratory judgments as to the state and federal constitutionality of Defendant's zoning as applied to its property.  ECF Dkt. #1-1 at 5-6.  In its complaint in Case Number 1:03CV106, Plaintiff sought the same declaratory judgments as to the state and federal constitutionality of Defendant's zoning as applied to its property as in the instant case.  ECF Dkt. #1 in Case Number 1:03CV106.  While Plaintiff tries to distinguish the land covered by Case Number 1:03CV106 from that against which it seeks to make claims against in the instant case, the way that it defined "Property" in its complaint in the 2002 case negates such claims.  As explained above, Plaintiff defined "Property" in the 2002 case as including all 325 acres.  ECF Dkt. #1 in Case Number 1:03CV106.  While Plaintiff indicates in the complaint after this definition that the subject of the lawsuit was the 100 acres of the 325 acres that was undeveloped land, it nevertheless applied the designation "Property" throughout the entire complaint and requested declaratory judgments as to the "Property," which therefore included all 325 acres.  ECF Dkt. #1 in Case Number 5:03CV106.  If Plaintiff wanted a judicial determination

-13-

as to the constitutionality of Defendant's zoning of all of its 325 acres, it could have proceeded onward in the 2002 case and taken it to trial. Plaintiff did not do so, but rather chose to enter into the Agreed Judgment Entry which did not provide a determination as to the constitutionality of the zoning, but carved out 88.8 acres upon which the parties agreed was in accord with the allowable density requirements of Defendant's Zoning Code "and is a fair and equitable resolution of Plaintiff's Complaint." ECF Dkt. #46 in Case Number 5:03CV106. The Agreed Judgment Entry also provided that it resolved "all of Plaintiff's claims" and "shall substitute for the relief Plaintiff seeks in its Complaint for Declaratory Judgment." *Id*. Accordingly, the issue of the constitutionality of Plaintiff's 335 acres was litigated in the prior action and resolved by the Agreed Judgment Entry in that case and while not judicially determined, it could have and should have been litigated in the prior case, but Plaintiff chose to enter into the Agreed Judgment Entry instead. The third element of res judicata is met.

As to the identity of the causes of action, this fourth element of res judicata is met as well. "Causes of action share an identity 'if they are based on substantially the same operative facts, regardless of the relief sought in each suit.'" *Old Blast*, 663Fed. App'x at 458, quoting United States v. Tohono, 563 U.S. 307 at 317 (2011). Plaintiff's claims in the 2002 complaint included Count 2 for a declaratory judgment that the property is "invalid under the Fifth and Fourteenth Amendments to the United States Constitution because such zoning district designation, as applied to Plaintiff's property interest in the Property, is arbitrary, capricious, unreasonable, confiscatory, and unconstitutional since such Property cannot be used in an economically viable manner thereunder." ECF Dkt. #1-1 in Case Number 5:03CV106. In Count 3 of the 2002 Complaint, Plaintiff requested that the Court issue a declaratory judgment that the zoning of its property be deemed unconstitutional under the Ohio and United States Constitution. *Id.* at 7. As explained above, the 2002 Complaint defined "Property" as "approximately three hundred twenty-five (325) acres in size..., in the City of Streetsboro, for a residential golf community. Two hundred twenty-five (225) acres of land has been developed into a premium public golf course facility. The remaining one hundred (100) acres of land is undeveloped and the subject of this lawsuit." *Id*. at 2-3. While this last sentence in paragraph 4 of the 2002 Complaint indicated that the 100 undeveloped acres was

the subject of the lawsuit, Plaintiff nevertheless referred to "Property" as it defined as the entire 325 acres. *Id*. The causes of action in the instant case concern the golf course community portion of the 325 acres and assert the same claims of unconstitutionality of Defendant's zoning of said property. ECF Dkt. #1 in instant case. Accordingly, the same operative facts are involved in both cases and the fourth element of res judicata is met.

For the above reasons, the Court finds that the Agreed Judgment Entry approved by Judge Dowd in the prior case is a final decision on the merits by a court of competent jurisdiction, the parties are the same parties in the instant case as in the prior case, and the issues of declaratory judgment as to the constitutionality of Defendant's zoning of Plaintiff's 335 acres are the same issues in the instant complaint which were litigated in the prior case and are based upon the same operative facts in both cases.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (ECF Dkt. #15) and DISMISSES Plaintiff's complaint in its entirety WITH PREJUDICE on the basis of res judicata. Judgment shall be entered in favor of Defendant.


Date: December 5, 2017                                *s/ George J. Limbert*
                                                                    GEORGE J. LIMBERT
                                                                    UNITED STATES MAGISTRATE JUDGE